[Cite as *State v. Crank*, 2016-Ohio-638.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2015-05-093 |
| | : | O P I N I O N |
| - vs - | | 2/22/2016 |
| | : | |
| ROY D. CRANK, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-05-0840


Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 304 North Second Street, Hamilton, Ohio 45011, for defendant-appellant


**PIPER, J.**

{¶ 1}  Defendant-appellant, Roy Crank, appeals the sentence imposed by the Butler County Court of Common Pleas after Crank violated the terms of his community control.

{¶ 2}  Crank was convicted of attempted unlawful sexual conduct with a minor and classified as a sexually-oriented offender with reporting requirements.  Crank later pled guilty to failure to provide notice of a change to his address/place of employment, and the trial court

sentenced him to community control. During the sentencing hearing, the trial court specifically informed Crank that if he violated the terms of his community control, the court would impose a 12-month sentence.

{¶ 3} Crank later violated the terms of his community control by absconding and not reporting to his probation officer. The trial court held a revocation of community control hearing, revoked community control, and imposed a 12-month sentence. Crank now appeals the trial court's sentence, raising the following assignment of error.

{¶ 4} THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. CRANK WHEN IT SENTENCED HIM TO A TERM OF TWELVE MONTHS IN THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS.

{¶ 5} Crank argues in his sole assignment of error that the trial court erred in imposing sentence.

{¶ 6} R.C. 2953.08(G)(2) shall govern all felony sentences. *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, "the appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." However, as explicitly stated in R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."

{¶ 7} Instead, an appellate court may only take action authorized by R.C. 2953.08(G)(2) if the court "clearly and convincingly finds" that the sentence is contrary to law. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences appellant within the permissible statutory range. *State v. Elliott*, 12th Dist. Clermont No. CA2009-03-020, 2009-Ohio-5926, ¶ 10.

- 2 -

{¶ 8} While the trial court did not expressly cite R.C. 2929.11 and R.C. 2929.12 during the sentencing hearing, its discussion of the individual factors found within those statutes indicates that it gave due consideration to the purposes and principles of sentencing, as well as the seriousness and recidivism factors. This is especially true where the trial court also included the specific citations to R.C. 2929.11 and R.C. 2929.12 in its sentencing entry. *See State v. Lancaster*, 12th Dist. Butler No. CA2007-03-075, 2008-Ohio-1665 (affirming a sentence where the trial court did not state at the sentencing hearing that it had considered R.C. 2929.11 or R.C. 2929.12 specifically, but stated its consideration of both statutes in its judgment entry of conviction).

{¶ 9} In the case sub judice, the trial court's discussion at the revocation hearing demonstrates that it considered the purposes and principles of sentencing, as well as the seriousness and recidivism factors as required by law. The trial court first considered that Crank had failed to report to the probation department for over a year, and noted that the trial court, itself, had also not seen Crank "in a year." Relating to other factors, such as R.C. 2929.12(A), including the likelihood of the offender's recidivism, the trial court specifically noted its fear that Crank would disappear again and that the court would not "ever see [Crank] back." The court also noted that Crank had a "very poor history of showing up" to court-related and community control related appointments. Specific to R.C. 2929.12(D), the court considered evidence of Crank's criminal history, as well as his history of violating the terms of community control. After considering and discussing the aforementioned factors, as well as mitigation evidence specific to R.C. 2929.12(E), the trial court imposed the 12-month sentence as it had previously indicated it would do when originally sentencing Crank.

{¶ 10} Moreover, the trial court's sentencing entry expressly states that it considered "the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors [in] Ohio Revised Code Section

- 3 -

2929.12." Given the trial court's express statement in its judgment entry of sentence as well as its discussion of the factors contained in Ohio's sentencing statute, it is clear that the trial court gave the proper consideration to the purposes and principles of sentencing as well as the seriousness and recidivism factors as required by Ohio's sentencing statutes.

{¶ 11} Crank was convicted of failure to provide notice of a change of address or place of employment, a felony of the fifth degree. According to R.C. 2929.14(A)(5), "For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months." As such, the trial court's 12-month sentence was within the permissible statutory range.

{¶ 12} Crank argues that the trial court never sentenced him to prison. During the revocation hearing, the trial court misspoke and stated, "the Court's going to impose a sentence of 12 months community – control." However, the trial court quickly corrected itself, and stated, "Sir, I'm sending you to the institution." The trial court further clarified that once Crank was released from prison, he could be placed on postrelease control, and reiterated the consequences for future violations. In its judgment entry of sentence, the trial court further stated that it found Crank not amenable to an available community control sanction, and ordered him to serve "a stated prison term of 12 months." Thus, and despite the trial court's brief misstatement during the revocation hearing, the trial court very clearly sentenced Crank to 12 months in prison.

{¶ 13} After reviewing the record, we find that the trial court's sentence was not contrary to law. As such, Crank's sole assignment of error is overruled.

{¶ 14} Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.