[Cite as *State v. Kane*, 2020-Ohio-5152.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CRYSTINA KANE | : | Case No. 20-COA-012 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 18-CRI-070




JUDGMENT:                    Affirmed




DATE OF JUDGMENT:            November 2, 2020




APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

CRISTOPHER R. TUNNELL                       BRIAN A. SMITH
110 Cottage Street                          755 White Pond Drive
Ashland, OH  44805                          Suite 403
                                            Akron, OH  44320

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Crystina Kane appeals the March 18, 2020 judgment of the Ashland County Court of Common Pleas which revoked her community control and imposed a previously suspended prison sentence. Plaintiff-Appellee is the state of Ohio.

## Facts and Procedural History

{¶ 2}   A recitation of the underlying facts are unnecessary to our resolution of this appeal. In August of 2018, Kane was placed on community control for a period of three years following pleas of guilty to endangering children, a misdemeanor of the first degree, and aggravated trafficking in drugs, a felony of the third degree, and suspended a 36-month prison sentence. The trial court imposed various residential and non-residential conditions upon Kane's community control.

{¶ 3}   Kane violated the conditions of her community control on two occasions. The first time, Kane entered admissions to her violations on June 18, 2019 and the trial court continued Kane on community control with additional requirements.

{¶ 4}   The second time Kane violated the terms and conditions of her community control, during a hearing held on February 14, 2020, she entered admissions to three of her violations. On this occasion, the trial court revoked Kane's community control and sentenced her to 30 months incarceration with credit for 390 days served.

{¶ 5}   Kane timely appeals the revocation of her community control advancing one assignment of error for our review:

I

{¶ 6}   "THE TRIAL COURT'S SENTENCE OF APPELLANT WAS NOT SUPPORTED BY THE RECORD."

{¶ 7} In her sole assignment of error, Kane argues her sentence is not supported by the record because the trial court failed to properly consider the purposes and principals of felony sentencing per R.C. 2929.11, and further failed to consider the seriousness and recidivism factors of R.C. 2929.12 during the sentencing hearing following the revocation of her community control or in its subsequent judgment entry. We disagree.

{¶ 8} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

{¶ 9} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477, 120 N.E.2d 118.

{¶ 10} A sentence is not contrary to law when it is within the authorized statutory range and the trial court states that it has considered the principles and purposes of sentencing and the seriousness and recidivism factors. *State v. Smith*, 2nd Dist. Montgomery No. 26307, 2016-Ohio-1269, ¶ 25.

{¶ 11} There is no language contained in R.C. 2929.11 which require the trial court to make any specific findings as to the purposes and principles of sentencing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Likewise, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Therefore, although there is a mandatory duty to "consider" the relevant statutory factors under R.C. 2929.11 and 2929.12, the sentencing court is not required to engage in any factual findings under R.C. 2929.11 or 2929.12. *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 17; *State v. Combs*, 8th Dist. Cuyahoga No. 99852, 2014-Ohio-497, ¶ 52.

{¶ 12} Against that background, we turn to Kane's sentencing. Kane has not provided this court with a transcript of her initial August 1, 2018 sentencing hearing. We therefore presume the regularity of the sentencing hearing and begin with Kane's August 1, 2018 sentencing judgment entry. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980); *State v. Batstra*, 5th Dist. Muskingum No. CT2016-0052, 2017-Ohio-2665.

{¶ 13} We find the August 1, 2018 entry specifically indicates the trial court considered the "* * * purposes of felony sentencing as set forth in Section 2929.11. * * * In fashioning a sentence in this case, the Court has fully considered the provisions of O.R.C. Chapter 2929 * * *." Judgment Entry – Sentencing, August 1, 2018, page 2. At page 3 of the same judgment entry, the trial court went on to find:

Upon a consideration of the purposes and principals of the felony sentencing law and the statutory sentencing factors, * * *, the Court finds that the Defendant is amenable to community control sanctions and that a community control sanction is consistent with the purposes and principals of the felony sentencing law of Ohio.

{¶ 14} We find this language adequate to reflect the trial court's consideration of R.C. 2929.11 and R.C. 2929.12.

{¶ 15} Next, on June 18, 2019, after Kane admitted to violating the terms and conditions of her community control, the trial court in its August 1, 2019 Judgment Entry found "[based] on the purposes and principals of the felony sentencing law of Ohio," Kane remained amenable to the continuance of community control sanctions, and continued Kane on community control. Judgment Entry, August 1, 2019, page 1. A transcript of this hearing is also not included in the record.

{¶ 16} Kane then violated the terms and conditions of her community control a second time, and again admitted to her violations. On the record, the trial court noted Kane had demonstrated she does well with required programming while incarcerated, but fails to comply when left to her own devices. Transcript of Sanctioning Hearing, March 16, 2020 at 5. The trial court went on to find Kane was no longer amenable to community control and revoked the same. Id. On March 18, 2019, the trial court issued its sentencing judgment entry which revoked Kane's community control and sentenced her to a 30-month term of incarceration. The judgment entry includes the fact that the trial court

considered "the purposes and principals of Ohio felony sentencing law and the statutory sentencing factors * * *. "

{¶ 17} While Kane specifically faults the trial court for failing to engage in a discussion of the appropriate factors, as discussed above, no discussion is required. We find the forgoing language, at each relevant juncture of the proceedings, adequate to reflect the trial court's consideration of the appropriate factors.

{¶ 18} Kane further appears to argue that because she had complied with some terms of her community control, the trial court erred by revoking her community control. We review the trial court's decision to revoke community control under an abuse-of-discretion standard. *State v. Smith*, Richland App. Nos. 94-CA-62, 94-CA-64, 1995WL557408 at 4. (Aug. 28, 1995). A trial court will not be deemed to have abused its discretion unless its decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 19} We have previously stated the privilege of community control rests upon the defendant's compliance with the terms and conditions of community control and *any* violation of those conditions may properly be used to revoke the privilege. (Emphasis added.) *State v. Bell*, 66 Ohio App.3d 52, 57, 583 N.E.2d 414 (5th Dist.1990). Here, Kane's community control was revoked after her second violation of the same. Upon full review of the record, we find no abuse of discretion.

{¶ 20} Finally, while Kane concedes the trial court was not required to consider the technical nature of her violations, she nonetheless faults the trial court for failing to do so. Because Kane was sentenced for a felony of the third degree, the sentencing limitations of R.C. 2929.15(B)(1)(c)(i)-(ii) have no applicability here.

{¶ 21} The sole assignment of error is overruled.

{¶ 22} The judgment of the Ashland County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Wise, John, J. concur.

EEW/rw