[Cite as *State v. Watkins*, 2021-Ohio-163.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO . CA2020-03-005 |
| | : | O P I N I O N |
| - vs - | | 1/25/2021 |
| | : | |
| BERT S. WATKINS, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 19 CR 12981


Martin P. Votel, Preble County Prosecuting Attorney, Kathryn M. West, 101 E. Main Street, Eaton, Ohio 45320, for appellee

J.A. Kovach Law Co., LPA, Valerie Sargent-Wood, 123 W. Main Street, Eaton, Ohio 45320, for appellant


**S. POWELL, J.**

{¶ 1} Appellant, Bert S. Watkins, appeals his conviction in the Preble County Court of Common Pleas after he entered a plea of no contest to one count of possession of cocaine and its accompanying forfeiture specification. For the reasons outlined below, we affirm Watkins' conviction.

{¶ 2} On May 6, 2019, the Preble County Grand Jury returned an indictment charging Watkins with possession of cocaine in violation of R.C. 2925.11(A), a first-degree felony in accordance with R.C. 2925.11(C)(4)(e). The charge also included a forfeiture specification under R.C. 2941.1417(A). The charge arose after an unidentified female called Major Dean Miller with the Preble County Sheriff's Office to report that Watkins was at a home owned by G.G. located in New Paris, Preble County, Ohio. The unidentified female reported to Major Miller that she had been instructed by G.G. to call the police to make that report regarding Watkins' whereabouts. There is no dispute that Watkins was at that time the subject of an outstanding arrest warrant issued by the trial court in Case No. 18 CR 12549. There is also no dispute that the trial court issued that arrest warrant after Watkins failed to appear for his felonious assault trial that was scheduled to take place on October 22, 2018.

{¶ 3} Upon arriving at G.G.'s house, Major Miller, who was accompanied by four deputies with the Preble County Sheriff's Office, was met in the doorway by G.G. One of the deputies who accompanied Major Miller was Deputy Matthew Lunsford. G.G., who knew a warrant had been issued for Watkins' arrest, invited Major Miller and the four deputies to come inside. Once inside, G.G. told the officers that Watkins was upstairs sleeping. With G.G.'s consent, the officers then climbed the stairs and found Watkins asleep in a second floor bedroom. The officers woke Watkins and placed him under arrest. The officers then conducted a search of Watkins' person incident to that arrest. This search resulted in the discovery of a plastic baggie containing 30.6 grams of crack cocaine in Watkins' left front pants pocket and $2,095 in Watkins' shoe.

{¶ 4} On May 13, 2019, Watkins entered a not guilty plea to the possession of cocaine offense and its accompanying forfeiture specification. Attorney Kristen Knight was then appointed to represent Watkins in his defense. The trial court assigned this Case No.

19 CR 12981.

{¶ 5} On June 21, 2019, the trial court held a change of plea hearing in Case No. 19 CR 12981. Watkins, however, ultimately decided not to enter a plea at this hearing and the trial court scheduled the matter for trial on August 26, 2019.[1]

{¶ 6} On June 25, 2019, Watkins pled guilty to an amended aggravated assault charge in Case No. 18 CR 12549. The trial court accepted Watkins' plea and scheduled the matter for sentencing to take place on July 3, 2019.

{¶ 7} On June 26, 2019, Attorney Knight moved to withdraw as Watkins' counsel in Case No. 19 CR 12981. Attorney Knight supported her motion by alleging that she and Watkins had experienced a "material breakdown" in communication. The trial court granted Attorney Knight's motion to withdraw and appointed Attorney Kyle Lennen to represent Watkins in his defense.

{¶ 8} On July 3, 2019, Watkins was sentenced to 18 months in prison after pleading guilty to an amended charge of aggravated assault in Case No. 18 CR 12549.

{¶ 9} On July 8, 2019, Attorney Lennen moved to withdraw as Watkins' counsel in Case No. 19 CR 12981 after he and Watkins had "disagreements" that made their relationship "irreparably harmed." The trial court granted Attorney Lennen's motion to withdraw and appointed Attorney Sam Borst to represent Watkins in his defense.

{¶ 10} On August 21, 2019, Attorney Borst filed a motion to continue. In support of this motion, Attorney Borst argued, in pertinent part, the following:

> Defendant needs additional time to review the additional discovery the State has made available to the Defendant recently, and to prepare, file, and get a decision on, a necessary Motion to Disclose Grand Jury testimony, as discussed at the pretrial. In addition, the State of Ohio is not prejudiced by this request, the Defendant is out on bond, and the Defendant waives his Speedy Trial rights in this Motion.

---

1. The record does not include a transcript of what transpired at the June 21, 2019 change of plea hearing.

{¶ 11} The next day, August 22, 2019, Attorney Borst filed an amended motion to continue. In support of the amended motion, Attorney Borst argued, in pertinent part, the following:

> Defendant needs additional time to review the additional discovery the State has to make available to the Defendant in the near future, and to prepare, file, and get a decision on, a necessary Motion for Speedy Trial Dismissal, and another Motion pertaining to faulty evidence handling, lack of chain of custody, as discussed at the pretrial. In addition, the State of Ohio is not prejudiced by this request, the Defendant is out on bond, and the Defendant waives his Speedy Trial rights in this Motion.

{¶ 12} On September 3, 2019, the trial court granted Attorney Borst's motion for a continuance and rescheduled the trial to take place on October 28, 2019.

{¶ 13} On October 9, 2019, Attorney Daniel O'Brien filed a notice of appearance/substitution of counsel notifying the trial court that it was him, and not Attorney Borst, who would be representing Watkins in his defense going forward.

{¶ 14} On October 24, 2019, Attorney O'Brien filed a demand for discovery and a motion to suppress alleging Watkins' arrest was not supported by probable cause. Attorney O'Brien also alleged that the search of G.G.'s house was unconstitutional in that "no search warrant was signed by a judge." Attorney O'Brien further alleged that any and all statements that Watkins may have made to Major Miller should be suppressed given that Watkins' statements (1) were given without *Miranda* warnings, (2) were involuntary, (3) were the fruits of an inherently illegal and/or coercive arrest, or, (4) if *Miranda* warnings were given, the warnings were given to Watkins when he was "demonstrably and obviously barely conscious and under the influence of drugs and/or alcohol."

{¶ 15} Attorney O'Brien also filed a motion to dismiss alleging Watkins' right to a speedy trial had been violated. In support of this motion, Attorney O'Brien argued the

following:

> Mr. Watkins has been held continuously in jail since his arrest April 4, 2019 until the date of the filing of this Motion. The Defendant has never been informed by duly appointed counsel or the Court, in writing or orally, that any act he was performing, in or out of Court, was in fact and/or law a complete waiver of his speedy trial rights or the complete legal ramifications of those acts were never explained to him.

{¶ 16} On November 8, 2019, the trial court issued a decision denying Watkins' motion to dismiss. In so holding, the trial court stated:

> The case would have gone to trial on June 24, 2019, but for Defendant saying that he wanted to enter into a plea agreement and then – as is his right – changing his mind, necessitating a continuance of the trial to August 26, 2019. The trial would have been conducted on that date but for Defendant filing a motion on August 2[2], 2019, to continue in order to file motions, in which he expressly waived his speedy trial rights. The trial would have been held on October 28, 2019, but for Defendant filing the instant motion, a motion to suppress, and a demand for discovery. Therefore, speedy trial time has been tolled since June 24, 2019, and continues to be until resolution of the motion to suppress.

{¶ 17} On December 13, 2019, the trial court held a hearing on Watkins' motion to suppress. During this hearing, the trial court heard testimony from two witnesses, Major Miller and Deputy Lunsford. Following this hearing, on January 3, 2020, the trial court issued a decision denying Watkins' motion in its entirety. Explaining its reasoning for denying Watkins' motion, the trial court stated:

> Contrary to Defendant's assertions in his motion, he was not arrested on suspicion of committing a crime, but rather on a warrant, the validity of which has not been questioned by the Defendant. Therefore, no probable cause was needed for his arrest. Further, the State did not need a warrant to enter [the home where Watkins' was located] as they were given consent by the owner to enter for the specific purpose of locating and arresting the Defendant.

{¶ 18} Concluding, the trial court stated:

> Finally, the evidence presented showed that Defendant was

promptly advised of his constitutional rights. However, the issue apparently is moot because the State does not contend that Defendant made any inculpatory statements anyway.

{¶ 19} On January 24, 2020, Watkins entered a plea of no contest to the indicted possession of cocaine offense and its accompanying forfeiture specification. Upon finding Watkins' plea was knowingly, intelligently, and voluntarily entered, the trial court accepted Watkins' no contest plea and found Watkins guilty as charged.

{¶ 20} On February 19, 2020, the trial court held a sentencing hearing. At sentencing, the trial court sentenced Watkins to serve an indefinite term of a minimum of five years in prison and a maximum of seven-and-one-half years in prison with jail-time credit for 90 days plus any additional days that Watkins would serve while awaiting transportation to prison. The trial court ordered this prison term to be served concurrently with the 18-month prison term it had previously imposed in Case No. 18 CR 12549.

{¶ 21} The trial court also notified Watkins that he would be subject to a mandatory postrelease control term of up to five years. The trial court issued its judgment entry of sentence on February 20, 2020. The trial court noted within this sentencing entry that it had considered, among other things, "the principles and purposes of sentencing under §§2929.11 and 2929.12, of the Ohio Revised Code" prior to issuing its sentencing decision.

{¶ 22} On March 23, 2020, Watkins filed a pro se motion for jail-time credit alleging that he was entitled to 327 days of jail-time credit rather than the 94 days of jail-time credit that he actually received. Watkins supported this motion by arguing that he was entitled to jail-time credit beginning on the date of his arrest, April 4, 2019, up to and including the day that he was transported to prison to begin serving time on the prison term imposed in Case No. 19 CR 12981, February 24, 2020. Therefore, according to Watkins, he was entitled to an additional 233 days of jail-time credit.

{¶ 23} On April 7, 2020, the trial court issued a decision denying Watkins' motion for

jail-time credit. In so holding, the trial court stated:

On July 3, 2019, the Defendant was sentenced to 18 months in custody of the Department of Rehabilitation and Corrections and continues to serve that sentence by this Court in Case No. 18 CR 12[5]49. Therefore, the only time that he was being held on the charges in the instant case was from April 4, 2019 through July 3, 2019, a total of 94 days.

{¶ 24} The trial court also stated:

Defendant's two cases for which prison sentences were imposed arose out of completely different sets of facts. Therefore, he is not entitled to credit in this case for time he was serving a sentence in Case No. 18 CR 12[5]49. The 94 days of jail time credit provided in Defendant's sentencing entry herein is correct.

{¶ 25} Watkins now appeals, raising four assignments of error for review.

{¶ 26} Assignment of Error No. 1:

{¶ 27} THE DEFENDANT WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 28} In his first assignment of error, Watkins argues his conviction must be reversed because he was provided with ineffective assistance of counsel. We disagree.

{¶ 29} "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 7, citing *State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 14. To prevail on an ineffective assistance of counsel claim, Watkins must show that (1) his trial counsel's performance fell below an objective standard of reasonableness and that (2) he was prejudiced as a result. *State v. Ward-Douglas*, 12th Dist. Warren No. CA2011-05-042, 2012-Ohio-4023, ¶ 96, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 693, 104 S.Ct. 2052 (1984). "Deficient performance is defined as performance that fell below an objective standard of reasonableness." *State v. Arledge*, 12th Dist. Clinton No. CA2018-

12-024, 2019-Ohio-3147, ¶ 8, citing *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, ¶ 97. Prejudice occurs where "there is a reasonable probability the result of the proceeding would be different, but for the unprofessional errors." *State v. Schwartz*, 12th Dist. Clermont Nos. CA2019-04-029 thru CA2019-04-031, 2019-Ohio-4912, ¶ 39. The failure to make an adequate showing on either prong is fatal to an ineffective assistance of counsel claim. *State v. Zielinski*, 12th Dist. Warren No. CA2010-12-121, 2011-Ohio-6535, ¶ 50.

{¶ 30} Watkins initially argues that Attorney Borst provided him with ineffective assistance of counsel when he moved the trial court for a continuance shortly before his trial was set to begin. Watkins supports this claim by arguing that it was improper for Attorney Borst to claim that he was out on bond when he had in fact never been bonded out of jail following his arrest. However, while it may be true that Attorney Borst was incorrect in his assertion that Watkins was out on bond, we fail to see how this amounts to ineffective assistance of counsel. This is because, even if this mistake did amount to deficient performance, Watkins' cannot demonstrate any resulting prejudice therefrom. That is to say, there is no reasonable probability that the proceedings would have been any different but for Attorney Borst's mistake in drafting his original and amended motions for a continuance.

{¶ 31} The same is true as it relates to Watkins' claim that Attorney Borst was ineffective for failing to obtain his consent prior to waiving his speedy trial rights. This is because, contrary to Watkins' assertions otherwise, it is well-established that "[a] defendant is bound by his counsel's waiver of speedy trial rights, even though the waiver might have been executed without his consent." *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 33; *see also State v. McBreen*, 54 Ohio St.2d 315, 319 (1978) (trial counsel has "the authority to execute the waivers of time provisions for the purpose of trial preparation" even absent the defendant's approval); *State v. Vaughn*, 106 Ohio App.3d 775, 786 (12th

- 8 -

Dist.1995) ("speedy-trial waiver signed by defense counsel is valid even if appellant did not consent"); *State v. Carmon*, 10th Dist. Franklin No. 11AP818, 2012-Ohio-1615, ¶ 19 ("a defendant is bound by the actions of counsel in waiving speedy trial rights by seeking or agreeing to a continuance, even over the defendant's objections"). Watkins' claim otherwise lacks merit.

{¶ 32} Watkins also argues that Attorney Borst provided him with ineffective assistance when he informed the trial court that a continuance was necessary so that he could file a motion to disclose grand jury testimony, as well as a motion pertaining to "faulty evidence handling" and "lack of chain of custody," when he never actually filed either motion. However, despite Watkins' claims, Watkins has provided no evidence to indicate Attorney Borst was attempting to mislead the trial court, nor has Watkins provided any evidence to indicate Attorney Borst was acting in bad faith by referencing either motion. Simply stated, Watkins has cited no authority that would require Attorney Borst to file either motion just because he referenced them as a reason why a continuance was needed. This is likely because there are multiple reasons why Attorney Borst may not have filed either motion. This includes, for instance, the fact that Attorney O'Brien replaced Attorney Borst as Watkins' trial counsel just a few weeks after the trial court granted Attorney Borst's motion for a continuance.

{¶ 33} Watkins further argues that he received ineffective assistance when none of the four attorneys who represented him before the trial court filed a motion to suppress raising a chain of custody argument. However, contrary to Watkins' claim, "it is well-established that a challenge to the chain of custody is 'an issue not properly raised in a motion to suppress, rather properly raised in a motion in limine.'" *State v. Cyrek*, 12th Dist. Butler No. CA2019-02-037, 2019-Ohio-4515, ¶ 15, quoting *State v. Woltz*, 4th Dist. Athens No. 17CA20, 2017-Ohio-9042, ¶ 15. This is because, "the purpose of a motion to suppress

is to exclude evidence at trial which has been gathered in violation of the United State's (sic) Constitution." *State v. Stoll*, 5th Dist. Stark No. 1998CA00291, 1999 Ohio App. LEXIS 2488, *6 (May 24, 1999). "Challenges to the chain of custody are evidentiary and properly determined by the trial court with finality at trial – not at the suppression hearing." *Woltz* at ¶ 20. Therefore, because a motion to suppress is not the appropriate vehicle in which to attack a chain of custody issue, Watkins did not receive ineffective assistance of counsel when none of the four attorneys who represented him filed a motion to suppress raising a chain of custody argument.[2] Accordingly, finding no merit to any of the arguments raised by Watkins herein, Watkins' first assignment of error lacks merit and is overruled.

{¶ 34} Assignment of Error No. 2:

{¶ 35} THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT'S MOTION TO DISMISS DUE TO SPEEDY TRIAL CALCULATION.

{¶ 36} In his second assignment of error, Watkins argues the trial court erred by denying his motion to dismiss alleging a violation of his right to a speedy trial. We disagree.

{¶ 37} "Review of a speedy-trial claim involves a mixed question of law and fact." *State v. Long*, Slip Opinion No. 2020-Ohio-5363, ¶ 15. We therefore "defer to the trial court's factual findings if they are supported by competent, credible evidence, but we review the application of the law to those facts de novo." *Id.*, citing *State v. Barnes*, 8th Dist. Cuyahoga No. 90847, 2008-Ohio-5472, ¶ 17. "De novo appellate review means that this court independently reviews the record and affords no deference to a trial court's decision."

---

2. Although not argued by Watkins as part of his brief, we nevertheless note that a plea of no contest generally waives the offender's right to appeal a trial court's ruling on a motion in limine. *State v. Cummins*, 12th Dist. Clermont No. CA2018-07-051, 2019-Ohio-1496, ¶ 44, fn. 4, citing *State v. Pyo*, 5th Dist. Delaware No. 04CAA01009, 2004-Ohio-4768, ¶ 19 ("a no contest plea generally waives any claim of error with respect to an adverse ruling on a motion in limine"); *see also State v. Engle*, 74 Ohio St.3d 525, 529 (1996) ("[b]y entering a plea of no contest * * *, the defendant voluntarily waives the right to appeal the ruling on the motion [in limine]"); *State v. Miller*, 3d Dist. Allen No. 1-18-17, 2018-Ohio-4648, ¶ 10 ("by entering pleas of no contest, [appellant] waived his right to appeal the trial court's ruling on the [s]tate's motion in limine").

*State v. Laghaoui*, 12th Dist. Warren No. CA2017-06-098, 2018-Ohio-2261, ¶ 22, citing *State v. Walker*, 10th Dist. Franklin No. 06AP-810, 2007-Ohio-4666, ¶ 10.

{¶ 38} "The right to a speedy trial is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Article I, Section 10, Ohio Constitution." *State v. Jones*, 12th Dist. Butler Nos. CA2019-01-006 and CA2019-01-008, 2020-Ohio-2672, ¶ 17, citing *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 32. "To preserve this right, the Ohio General Assembly enacted the speedy trial statutes found in R.C. 2945.71 through 2945.73." *State v. Jones*, 12th Dist. Butler Nos. CA2019-01-006 and CA2019-01-008, 2020-Ohio-2672, ¶ 17, citing *State v. Miller*, 12th Dist. Warren No. CA2009-01-008, 2009-Ohio-4831, ¶ 8. These statutes "are coextensive with the constitutional speedy trial provisions." *State v. Turner*, 12th Dist. Brown No. CA2019-05-005, 2020-Ohio-1548, ¶ 21, citing *State v. King*, 70 Ohio St.3d 158, 160 (1994).

{¶ 39} Pursuant to R.C. 2945.71(C)(2), an accused against whom a felony charge is pending "[s]hall be brought to trial within two hundred seventy days after the person's arrest." However, in accordance with R.C. 2945.71(E), "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." "Thus, an incarcerated defendant, charged with a felony, is entitled to be brought to trial within 90 days after arrest." *State v. Carpenter*, 12th Dist. Butler No. CA2019-03-044, 2019-Ohio-4829, ¶ 17. But, in accordance with R.C. 2945.71(E), the triple count provision "applies only when the defendant is held in jail in lieu of bail *solely* on the pending charges." (Emphasis sic.) *State v. Trammell*, 12th Dist. Butler Nos. CA2016-11-220 thru CA2016-11-222, 2017-Ohio-8198, ¶ 26, citing *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, ¶ 7.

{¶ 40} At the time of Watkins' arrest, April 4, 2019, Watkins was not being held in jail solely on the charge of possession of cocaine in Case No. CR 19 12981. Watkins was

instead being held on that charge *and* a charge of felonious assault in Case No. 18 CR 12549. The triple count provision found in R.C. 2945.71(E) is not applicable to the case at bar. It was instead the 270-day time limitation set forth in R.C. 2945.71(C)(2) that applies. *See, e.g., State v. North*, 12th Dist. Butler No. CA2016-06-119, 2017-Ohio-492, ¶ 30 (appellant was not entitled to the application of the triple count provision set forth in R.C. 2945.71[E] where appellant was not being held in jail based solely on the pending drug charges brought in the common pleas court). Therefore, the state was required to bring Watkins to trial 270 days from the date of his arrest. That is to say, when applying the 270-day time limitation set forth in R.C. 2945.71(C)(2), the state was required to bring Watkins to trial on or before December 30, 2019.

{¶ 41} Watkins entered his no contest plea on January 24, 2020. That was 25 days after the 270-day time limitation set forth in R.C. 2945.71(C)(2) expired. However, just as the trial court found, there were several tolling events that bring the total number of days chargeable to the state below the 270-day time limit. These tolling events include, but are not limited to, Watkins filing a motion for a continuance and a motion to suppress. Each of these events tolled the speedy trial timetable chargeable to the state by more than 25 days. That is to say nothing of the other events that tolled the speedy trial timetable even further. This includes Watkins' motion to dismiss that is the subject of this assignment of error. Therefore, because the 270-day time limit set forth in R.C. 2945.71(C)(2) had not yet expired before Watkins' entered his no contest plea, the trial court did not err by denying Watkins' motion to dismiss on speedy trial grounds. Accordingly, finding no merit to any of Watkins' arguments raised herein, Watkins' second assignment of error lacks merit and is overruled.

{¶ 42} Assignment of Error No. 3:

{¶ 43} THE COURT ERRED IN ITS JAIL TIME CREDIT CALCULATION.

{¶ 44} In his third assignment of error, Watkins argues the trial court erred in its calculation of jail-time credit when it awarded him 94 days of jail-time credit rather than his requested 327 days of jail-time credit. However, just as the trial court found, the only time that Watkins was being held on the charge of possession of cocaine was a period of 94 days beginning on April 4, 2019, the date of Watkins' arrest in Case No. 19 CR 12981, to July 3, 2019, the date the trial court sentenced Watkins to 18 months in prison in Case No. 18 CR 12549. "'[J]ail time credit is not appropriate where the defendant was serving a sentence for a separate offense.'" *State v. Macko*, 12th Dist. Clermont No. CA2019-08-068, 2020-Ohio-3410, ¶ 17, quoting *State v. Russell*, 2d Dist. Montgomery No. 26503, 2015-Ohio-3373, ¶ 41. This holds true even though the trial court ordered Watkins' sentence he received in 19 CR 12891 to be served currently with sentence imposed in Case No. 18 CR 12549. *See State v. Ways*, 2d Dist. Montgomery No. 25214, 2013-Ohio-293, ¶ 20. Therefore, contrary to Watkins' claim, the trial court did not err in its calculation of jail-time credit. Accordingly, finding no merit to any of Watkins' arguments raised herein, Watkins' third assignment of error lacks merit and is overruled.

{¶ 45} Assignment of Error No. 4:

{¶ 46} THE TRIAL COURT ERRED IN IMPOSING A PRISON TERM OF FIVE (5) YEARS ON THE OFFENSE.

{¶ 47} In his fourth assignment of error, Watkins argues the trial court erred by sentencing him to an indefinite term of a minimum of five years in prison and a maximum of seven-and-one-half years in prison. We disagree.

{¶ 48} "[A]n appellate court does not review the sentencing court's decision for an abuse of discretion." *State v. Scott*, 12th Dist. Clermont Nos. CA2019-07-051 and CA2019-07-052, 2020-Ohio-3230, ¶ 54, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 10. It is instead the standard of review set forth in R.C. 2953.08(G)(2) that governs

all felony sentences. *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6; *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8 ("[a]s with all felony sentences, we review this sentence under the standard of review set forth in R.C. 2953.08[G][2]"). Pursuant to that statute, this court may increase, reduce, "or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing," if this court clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶ 49} Watkins argues the trial court erred by sentencing him to an indefinite term of a minimum of five years in prison and a maximum of seven-and-one-half years in prison when it failed to cite to any of the requisite sentencing factors set forth in R.C. 2929.11 or 2929.12 prior to imposing a sentence that was greater than the minimum sentence available for a first-degree felony offense.[3] However, contrary to Watkins' claim, "a trial court is not required to expressly cite to R.C. 2929.11 or 2929.12 at the sentencing hearing." *State v. Motz*, 12th Dist. Warren No. CA2019-10-109, 2020-Ohio-4356, ¶ 43, citing *State v. Crank*, 12th Dist. Butler No. CA2015-05-093, 2016-Ohio-638, ¶ 8. There is also "no language contained in R.C. 2929.11 which require[s] the trial court to make any specific findings as to the purposes and principles of sentencing." *State v. Kane*, 5th Dist. Ashland No. 20-COA-012, 2020-Ohio-5152, ¶ 11, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 31 (neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific

---

3. Pursuant to R.C. 2929.14(A)(1)(a), a first-degree felony offense carries a minimum sentence of an indefinite term of a minimum of three years in prison and a maximum of four-and-one-half years in prison.

factual findings on the record).

{¶ 50} "Likewise, R.C. 2929.12 does not require the trial court to 'use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors.'" *Id.*, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). All that is required is the trial court "consider" the relevant statutory factors set forth in R.C. 2929.11 and 2929.12 prior to issuing its sentencing decision. *State v. King*, 12th Dist. Butler No. CA2018-05-101, 2019-Ohio-1492, ¶ 9; *see State v. Magallanes*, 3d Dist. Putnam No. 12-14-02, 2014-Ohio-4878, ¶ 21 ("[a]lthough it is required to consider R.C. 2929.11 and 2929.12, the trial court is not required to use specific language regarding its consideration of those statutes"); *see also State v. Jones*, Slip Opinion No. 2020-Ohio-6729, ¶ 39 (R.C. 2953.08[G][2][b] "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12").

{¶ 51} The record is clear that the trial court considered the requisite sentencing factors set forth in both R.C. 2929.11 and 2929.12 prior to issuing its sentencing decision in this case. The trial court in fact specifically stated at sentencing, as well as within its sentencing entry, that it had considered both statutes prior to issuing its sentencing decision sentencing Watkins to serve more than the minimum prison term available for a first-degree felony offense. *See State v. Gilmore*, 12th Dist. Butler No. CA2018-06-118, 2019-Ohio-1046, ¶ 11 (trial court did not err in sentencing appellant where the trial court "stated at the sentencing hearing that it considered the principles and purposes of sentencing and evaluated the seriousness and recidivism factors" and later memorialized those statements within its sentencing entry).

{¶ 52} The record is also clear, and Watkins does not dispute, that the trial court properly imposed postrelease control and sentenced him within the permissible statutory

range for the first-degree felony offense under R.C. 2929.14(A)(1)(a). Therefore, because the record indicates the trial court properly considered the necessary sentencing statutes, R.C. 2929.11 and 2929.12, correctly imposed postrelease control, and accurately sentenced Watkins within the permissible statutory range for the first-degree felony offense, the trial court's decision to sentence Watkins to an indefinite term of a minimum of five years and a maximum of seven-and-one-half years in prison is not clearly and convincingly contrary to law. *See, e.g., State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8 (a sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range"). Accordingly, because we find no merit to any of the arguments raised herein, Watkins' fourth assignment of error lacks merit and is overruled.

{¶ 53} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.