[Cite as *State v. Sallis*, 2020-Ohio-3924.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-12-092 |
| | : | O P I N I O N |
| - vs - | | 8/3/2020 |
| | : | |
| CARL E. SALLIS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 19CR000487

D. Vincent Faris, Clermont County Prosecuting Attorney, Katherine Terpstra, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellant

**PIPER, J.**

{¶1} Appellant, Carl Sallis, appeals his sentence in the Clermont County Court of Common Pleas after pleading guilty to failure to comply and driving under the influence ("OVI").

{¶2} While under the influence of alcohol, marijuana, and Percocet, Sallis led police on a dangerous high-speed chase that included multiple crashes. At times, Sallis'

speed exceeded 100 m.p.h. in areas with a 40 m.p.h. speed limit. Eventually, Sallis' car crashed into a parked vehicle, and he fled on foot. Sallis was apprehended and charged with failure to comply and two counts of OVI.

{¶3} Sallis agreed to plead guilty to single counts of failure to comply and OVI, and the other count was dismissed. The trial court ordered a presentence investigation, which revealed that Sallis had an extensive criminal history, as well as past convictions and multiple pending charges for OVI. The trial court sentenced Sallis to three years on the failure to comply charge and 180 days on the OVI charge. The trial court ordered the sentences to run concurrently for an aggregate sentence of three years. Sallis now appeals his sentence, raising the following assignment of error:

{¶4} THE TRIAL COURT'S MAXIMUM 36 MONTH PRISON SENTENCE IS NOT SUPPORTED BY THE RECORD.

{¶5} Sallis argues in his assignment of error that the trial court's sentence is not supported by the record.

{¶6} When reviewing felony sentences, this court has applied the standard of review set forth in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002. According to *Marcum*, this court could modify a trial court's sentence if we were to find by clear and convincing evidence (1) that the record did not support the sentencing court's findings, or (2) that the sentence was otherwise contrary to law. However, upon closer inspection of the statute, and as argued by the state, R.C. 2953.08(G)(2)(A) does not authorize an appellate court to review *any* and *all* findings of the trial court made during sentencing. Instead, R.C. 2953.08(G)(2)(a) allows for sentence modification if the record does not support the trial court's findings related to specific, enumerated, statutes.

{¶7} In full, R.C. 2953.08(G)(2) provides,

The appellate court may take any action authorized by this

- 2 -

division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

Thus, and according to the plain language of the statue, the *only* findings this court has authority to review are those the trial court makes specific to R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I).[1]

{¶8} The record clearly demonstrates that the trial court did not make any findings according to these enumerated statutory provisions within subsection (a). Thus, our review is limited to whether Sallis' sentence is clearly and convincingly contrary to law pursuant to R.C. 2953.08(G)(2)(b).

{¶9} A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range. *State v. Durham*, 12th Dist. Warren No. CA2013-03-023 2013-Ohio-4764, ¶ 42.

{¶10} The record indicates that the trial court considered the sentencing factors according to R.C. 2929.11 and 2929.12, as demonstrated in the trial court's sentencing entry and its sentencing colloquy. The trial court also properly applied postrelease control during the sentencing hearing and in the sentencing entry. Lastly, Sallis was convicted of a third-degree felony with a permissible sentencing range between nine and 36 months.

---

1. R.C. 2929.13(B) relates to convictions for fourth- and fifth-degree felonies that carry a presumption of community control, while subsection (D) addresses felonies of the first or second degree or other felonies that carry a presumption of prison. 2929.14(B)(2)(e) relates to sentences imposed for repeat violent offender specifications, while subsection (C)(4) contains the necessary findings that a sentencing court must make upon the imposition of a consecutive sentence. R.C. 2929.20(1) is specific to judicial release hearings.

The trial court sentenced Sallis to 36 months, which was within the appropriate range for his crime. Thus, Sallis' sentence is not contrary to law, and our appellate review ends.

{¶11} In the past, and as directed by *Marcum*, we would have reviewed the trial court's findings made pursuant to R.C. 2929.11 and R.C. 2929.12 specific to whether such were supported by the record. However, R.C. 2953.08(G)(2)(a) provides no authorization for a review of non-enumerated findings made by the trial court.

{¶12} The beginning point in our decision to turn away from *Marcum* and toward the plain language of R.C. 2953.08(G)(2)(a) is that an appellate court has only the authority to review sentences in the manner proscribed by statute. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658.

{¶13} Recently, in *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, the Ohio Supreme Court found that an appellate court should not consider the factors within R.C. 2929.11 and 2929.12 when reviewing the imposition of a consecutive sentence. Instead, a plurality of the court held that an appellate court is statutorily limited to reviewing the imposition of a consecutive sentence using only R.C. 2929.14(C)(4), which requires that the trial court make findings before imposing a consecutive sentence. Otherwise, R.C. 2929.11 and 2929.12 apply only to individual sentences when reviewing the length imposed. Thus, the plurality reversed the decision of the appellate court, which reviewed R.C. 2929.11 and 2929.12 when vacating portions of the appellant's consecutive sentence. On remand, the Ohio Supreme Court limited the appellate court's review to "the standard of review set forth under R.C. 2953.08(G)(2)."

{¶14} In a concurring opinion, Justice Kennedy opined that the *Marcum* standard – requiring all trial court findings to be supported by the record – is dicta and should not be used by reviewing courts. Justice Kennedy noted that the plain language of R.C. 2953.08(G)(2) does not call for an appellate court to review a trial court's findings to

determine if they are supported by the record unless the findings are those enumerated in the statute.

> If the lead opinion would simply acknowledge that the language in paragraph 23 of *Marcum* is dictum and instruct the court of appeals that it should not follow that paragraph of *Marcum*, we could make the expedient determination that R.C. 2953.08(G)(2) does not authorize appellate review of a trial court's R.C. 2929.11 and 2929.12 findings and move on. Because the lead opinion resists the obvious, it muddies the waters of Ohio's sentencing jurisprudence even more.

{¶15} The plain language of the statute patently supports Justice Kennedy's concurrence. Regarding a review of the trial court's findings, R.C. 2953.08(G)(2) provides that an appellate court may take action (increase, reduce, modify, or vacate) regarding a sentence only if the appellate court determines, "that the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant." The statute does not call for a general review of any or all of the trial court's findings relevant to imposing a sentence, such as the purposes and principles of sentencing set forth in R.C. 2929.11 and R.C. 2929.12.

{¶16} We recognize that *Gwynne* was a plurality decision, that the majority of the court did not join in Justice Kennedy's concurrence, and that *Gwynne* did not overrule *Marcum* expressly.[2] However, those facts do not change the longstanding mandate that an appellate court's review must be authorized by Ohio's sentencing statutes, or that a reviewing court has no authority to take measures of review not expressly enumerated by statute.

{¶17} When reviewing a sentence, an appellate court is bound by statute, rather

---

2. Neither the plurality nor the dissent addressed Justice Kennedy's concurrence, in which Justice DeWine joined, that the relevant portion of *Marcum* was dicta. The efficacy of that portion of *Marcum* remains in question.

than dicta from the Ohio Supreme Court. We therefore apply R.C. 2953.08(G)(2) and confine our review to the limited standard set forth within the sentencing statute. As determined above, Sallis' sentence is not contrary to law and we therefore overrule his assignment of error.

{¶18} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.

**HENDRICKSON, P.J., concurring separately.**

{¶19} While I concur in the majority's decision to affirm Sallis' sentence, I write separately to address the standard of review that an appellate court should employ when reviewing a felony sentence. In *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1, a unanimous Ohio Supreme Court held that pursuant to the "plain language of R.C. 2953.08(G)(2), * * * an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." The court went on to explain that while not all sentences imposed by a trial court require the findings that R.C. 2953.08(G) specifically addresses, it is nevertheless

> fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally differential to the sentencing court. That is, *an appellate court may modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence*.

(Emphasis added.) *Id.* at ¶ 23

{¶20} The supreme court recently revisited its *Marcum* decision in *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, a plurality opinion in which the court concluded that

the General Assembly intended R.C. 2953.08(G)(2)(a) to be the exclusive means of appellate review of consecutive sentences. The lead opinion in *Gwynne* found that "*Marcum* has no application to consecutive-sentencing cases that are governed by R.C. 2953.08(G)(2)" and distinguished the facts of *Marcum* from those in *Gwynne*. *Id.* at ¶ 2, 15-17. In a separate concurrence, Justice Kennedy, joined by Justice DeWine, called for overruling paragraph 23 of *Marcum*, claiming the paragraph was merely dicta and that appellate courts are not authorized to review a trial court's R.C. 2929.11 and 2929.12 sentencing considerations. *Id.* at ¶ 38-43. No other justices, however, joined Justices Kennedy's and DeWine's call, and paragraph 23 of *Marcum* was not overruled.

{¶21} Accordingly, as *Marcum* was not overruled, I would continue to apply the standard of appellate review set forth in *Marcum* to a defendant's challenge to the duration of a prison term imposed on a single offense. Applying this standard to the facts of the present case, I conclude that Sallis' sentence is not contrary to law and is supported by the record. As the majority noted in its analysis, Sallis' sentence is not clearly and convincingly contrary to law as the court properly considered the principles and purposes of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, sentenced Sallis within the permissible statutory range for his third-degree felony in accordance with R.C. 2929.14(A)(3)(b), and properly imposed postrelease control.

{¶22} Furthermore, the imposition of a 36-month prison sentence is supported by the record. As the trial court noted, Sallis poses a high risk of recidivism. Sallis has a lengthy criminal history, which includes a prior conviction for failure to comply as well as convictions for theft, aggravated robbery, abduction, OVI, trafficking in heroin, aggravated trafficking in drugs, and tampering with evidence. At the time Sallis committed the present offense, he did not have a valid driver's license and had OVI charges pending in both Butler County and Hamilton County. Additionally, the record demonstrates that Sallis' conduct

was quite serious. While impaired, Sallis led the police on a lengthy high-speed chase through a commercialized area, wherein he committed numerous moving and red-light violations. During Sallis' efforts to elude and flee from law enforcement, he caused two separate crashes and significant property damage. Given these considerations, I conclude that the trial court's imposition of a 36-month prison term for Sallis' failure to comply with an order or signal of a police officer was supported by the record. I therefore join my colleagues in upholding Sallis' sentence, albeit under the standard of review set forth in *Marcum*.