[Cite as *State v. Boyd*, 2020-Ohio-4180.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-01-012 |
| | : | O P I N I O N |
| - vs - | | 8/24/2020 |
| | : | |
| JOHNANTHONY TYLER BOYD, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2019-06-0876

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High St., 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 S. Second St., #305, Hamilton, Ohio 45011, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, Johnanthony Tyler Boyd, appeals the sentence imposed by the Butler County Court of Common Pleas after he pled guilty to single counts of rape and pandering sexually oriented matter involving a minor. For the reasons outlined below, we affirm the trial court's decision.

{¶ 2} On July 2, 2019, the Butler County Grand Jury returned a 19-count indictment

against Boyd charging him with nine counts of illegal use of a minor in nudity-oriented material or performance, nine counts of pandering sexually oriented matter involving a minor, and one count of rape. According to the bill of particulars, the charges arose after Boyd created photographs and video recordings of the victim, O.B., his 11-year-old niece, depicting her breasts and vagina. The bill of particulars alleges Boyd also created, recorded, photographed, or filmed the 11-year-old victim engaging in fellatio with him. The bill of particulars alleges these crimes occurred on July 9, 2018 and September 25, 2018 in Hamilton, Butler County, Ohio.

{¶ 3} On December 3, 2019, Boyd, a 20-year-old recent high school graduate, entered a plea agreement and pled guilty to one count of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1), a second-degree felony carrying a maximum two to eight year prison term, and one count of rape in violation of R.C. 2907.02(A)(1)(b), a first-degree felony carrying a maximum term of 10 years to life in prison. As provided by the state, the facts underlying these two offenses showed that Boyd did, with knowledge of the character of the material or performance involved, record O.B., his 11-year-old niece, engaging in fellatio with him. Boyd then kept the video recording stored on his cellphone under the name, "Image_0img_0285.mov." When asked if he admitted the facts provided by the state were an accurate account of what happened between himself and the victim, Boyd stated, "Yes, Your Honor."

{¶ 4} On January 7, 2020, the trial court held a sentencing hearing and sentenced Boyd to an aggregate term of 15 years to life in prison; 10 years to life in prison for rape to run consecutively to a five-year prison term for pandering sexually oriented matter involving a minor. The trial court also ordered Boyd to pay court costs, designated Boyd a Tier III sex offender, and notified Boyd that he would be subject to a mandatory five-year postrelease control term if he was ever released from prison.

{¶ 5}   When ordering Boyd's sentences to run consecutively, the trial court noted that there were "two distinct crimes, committed at the same time, but with two different mindsets for two different purposes, seeking two sets of gratifications of some sort, I suppose."  After some discussion with the parties, the trial court then stated:

> So that's the lay of the land as to where we are.  So we've got two separate crimes.  We've got the possibility [that they were] conducted with two separate mindsets, two separate goals, two separate sets of criminal intent: one, for the immediate sexual gratification that the sex act itself gives one; and the second one, for some kind of lingering enjoyment that one might have for himself and/or that one might get by displaying these [videos he recorded of the victim engaging in fellatio with him] to other people.  Some people enjoy doing that.  They find enjoyment in it.

{¶ 6}   The trial court then stated that it needed to determine whether the "second phase of that enjoyment," i.e., the "lingering enjoyment" that Boyd may have had in continuing "to view himself, this degradation of his niece," "keeping that," and having the ability "to look at [it]," as well as the possibility of "sharing it with buddies," saying, "look, look what I got her to do," was worth its own prison sentence.  Finding that "second phase of that enjoyment" did require its own, separate prison sentence, the trial court stated:

> I think that just saying, well, the videoing of this, keeping the video, you know, me looking at it, getting my jollies later on, showing it to my buddies, or whatever, whatever he was going to do, to say that just kind of goes away, I think would demean the seriousness of the conduct.  So I do believe that, based upon that, that I do need to give consecutive sentences.

{¶ 7}   Concluding, the trial court then made the necessary consecutive sentence findings required by R.C. 2929.14(C)(4).  Specifically, as the trial court stated:

> And as I have given you consecutive sentences, there is a finding to make.  I do find that consecutive sentences are necessary to protect the public from future crime and also necessary to punish the offender adequately, and they are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

> And I also make the additional finding that the harm – and I've tried to distinguish the two different acts that constitutes these two crimes. I do make the additional finding that the harm with these two things together is so great or unusual that a single term does not adequately reflect its seriousness, and also that it does not adequately reflect the Defendant's conduct.

The trial court then incorporated its consecutive sentence findings within its judgment of conviction entry.

{¶ 8} Boyd now appeals the trial court's sentencing decision, raising the following single assignment of error for review.

{¶ 9} THE TRIAL COURT ERRED TO THE PREJUDICE OF MR. BOYD WHEN IT SENTENCED HIM TO CONSECUTIVE SENTENCES IN THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS.

{¶ 10} In his single assignment of error, Boyd argues the trial court erred by ordering his 10-years-to-life prison sentence for rape to run consecutively to his five-year prison sentence for pandering sexually oriented matter involving a minor. We disagree.

{¶ 11} "[A]n appellate court does not review the sentencing court's decision for an abuse of discretion." *State v. Scott*, 12th Dist. Clermont Nos. CA2019-07-051 and CA2019-07-052, 2020-Ohio-3230, ¶ 54, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 10. Rather, as this court first stated in *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences. *Id.* at ¶ 6. Pursuant to that statute, this court may increase, reduce, "or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing," if this court clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 12} "R.C. 2953.08(G)(2) is unambiguous and definite." *Marcum* at ¶ 9. "R.C. 2953.08(G)(2)(a) does not authorize an appellate court to review *any* and *all* findings of the trial court made during sentencing." (Emphasis sic.) *State v. Sallis*, 12th Dist. Clermont No. CA2019-12-092, 2020-Ohio-3924, ¶ 6. Rather, "and according to the plain language of the statue, the only findings this court has authority to review are those the trial court makes specific to R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I)." *Id.* at ¶ 7. Therefore, "because R.C. 2953.08(G)(2)(a) specifically mentions a sentencing judge's findings made under R.C. 2929.14(C)(4) as falling within a court of appeals' review, the General Assembly plainly intended R.C. 2953.08(G)(2)(a) to be the exclusive means of appellate review of consecutive sentences." *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, ¶ 284. This is because "an appellate court has only the authority to review sentences in the manner proscribed by statute." *Sallis* at ¶ 12, citing *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658.

{¶ 13} Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Blair*, 12th Dist. Butler No. CA2014-01-023, 2015-Ohio-818, ¶ 52. First, the trial court must find a consecutive sentence is necessary to protect the public from future crime or to punish the offender. *State v. Dillon*, 12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *State v. Heard*, 12th Dist. Butler Nos. CA2014-02-024, CA2014-02-025, and CA2014-05-118, 2014-Ohio-5394, ¶ 10. Third, the trial court must find that at least one of the three circumstances listed in R.C. 2929.14(C)(4)(a) thru (c) applies. *State v. Liming*, 12th Dist.

Clermont Nos. CA2018-05-028 and CA2018-05-029, 2019-Ohio-82, ¶ 25. Those three circumstances are:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 14} Boyd argues it was improper for the trial court to run his sentences consecutively because: (1) there is "nothing on the record that would indicate Mr. Boyd would even commit future crime(s);" (2) he has a "very limited record;" (3) he is a recent high school graduate, "a hard worker and a volunteer" at a local food pantry; and (4) he led a "fairly crime free life" prior to these charges being brought. Boyd also argues that it was improper for the trial court to run his sentences consecutively because the "offenses happened on the same day with the same victim." Therefore, according to Boyd, because "[a] single sentence of life in prison without the possibility of parole for ten years does reflect the seriousness of the crime," a sentence of 10-years-to-life in prison "is more than an adequate punishment for a young man with hardly any record."

{¶ 15} Despite Boyd's claims, we find the record contains extensive evidence to support the trial court's consecutive sentence findings made under R.C. 2929.14(C)(4). As noted above, Boyd victimized his 11-year-old niece by video recording her engaging in fellatio with him. Boyd then kept and stored the video recording of him sexually abusing his

- 6 -

niece on his cellphone. Although the child was just 11 years old, the record indicates that Boyd was the second member of the victim's family to have sexually abused her, a fact that Boyd knew at the time he made the video recording. The record also indicates that Boyd lied to investigators when initially confronted with the allegations against him. This significantly downplays Boyd's claims he made at sentencing alleging he had done a considerable job in "trying to take responsibility" and "own what he did" following his arrest. The record further indicates Boyd had a criminal history, although limited, stemming from when he was a juvenile.

{¶ 16} "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. Such is the case here. Therefore, while it may be true that Boyd pled guilty and was ultimately sentenced for acts that were committed on the same day and against the same victim, we nevertheless find the record fully supports the trial court's consecutive sentence findings under R.C. 2929.14(C)(4). This remains true even though the record indicates the likelihood of recidivism is low. Accordingly, finding no error in the trial court's decision ordering Boyd's 10-years-to-life prison sentence for rape to run consecutively to his five-year prison sentence for pandering sexually oriented matter involving a minor, Boyd's single assignment of error lacks merit and is overruled.

{¶ 17} Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.