[Cite as *State v. Napier*, 2022-Ohio-1439.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-09-115 |
| - vs - | : | O P I N I O N<br>5/2/2022 |
| | : | |
| JAMES E. NAPIER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2010-08-1378

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Michele Temmel, for appellant.

**S. POWELL, J.**

{¶ 1} Appellant, James E. Napier, appeals the decision of the Butler County Court of Common Pleas sentencing him to serve the maximum possible 36-month prison term available for third-degree felony illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.51. For the reasons outlined below, we affirm

the trial court's sentencing decision.

**{¶ 2}** On October 13, 2010, the Butler County Grand Jury returned a three-count indictment charging Napier with second-degree felony illegal manufacturing of drugs in violation of R.C. 2925.04, third-degree felony illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.51, and third-degree felony aggravated possession of drugs in violation of R.C. 2925.11. The charges arose after Napier was found in possession of methamphetamine and items used in the manufacture of methamphetamine during the early morning hours of July 3, 2010. Napier pled not guilty to the three indicted charges and was thereafter released on $30,000 bond.

**{¶ 3}** On January 27, 2011, Napier filed a motion to suppress evidence. After holding a hearing on the matter, the trial court denied Napier's motion. Following the denial of Napier's motion to suppress, the trial court scheduled the matter for trial to take place on May 23, 2011. Napier, however, did not appear for trial as scheduled. When Napier failed to appear for trial, the trial court revoked Napier's bond and issued a bench warrant for Napier's arrest. Approximately eight years later, on April 19, 2019, Napier was arrested on the trial court's still outstanding bench warrant. Shortly after Napier's arrest, the trial court held a hearing and set Napier's bond at $250,000.

**{¶ 4}** On May 16, 2019, the trial court held a hearing and thereafter scheduled the matter for trial to take place on July 29, 2019. Following this hearing, however, the trial court determined that Napier was not competent to stand trial and ordered Napier to receive treatment to regain his competency. Several months later, on December 11, 2019, the trial court issued an entry finding Napier had regained his competency and scheduled the matter for trial to take place on March 23, 2020. Just over one month prior to the start of Napier's trial, on February 20, 2020, Napier moved the trial court for an order requiring the state to supply his expert with a representative sample of the alleged illegal substance that served

as the underlying basis for the three above-named charges.

{¶ 5}   On February 25, 2020, the trial court held a hearing on Napier's motion.  At this hearing, the state acknowledged that it could not provide Napier's expert with the requested sample because the alleged illegal substance that served as the underlying basis of the three indicted charges had already been destroyed pursuant to the standard procedure employed by the Butler County Sheriff's Office.  After learning the state could not supply his expert with the requested sample, Napier then filed a motion to dismiss.  The trial court held a hearing on Napier's motion to dismiss on March 12, 2020.  Shortly thereafter, on March 18, 2020, the trial court filed an entry granting Napier's motion.  The state then appealed the trial court's decision.  On appeal, this court reversed the trial court's decision and remanded the matter back to the trial court for further proceedings.  *State v. Napier*, 12th Dist. Butler No. CA2020-03-038, 2020-Ohio-5457.

{¶ 6}   On August 12, 2021, following remand from this court, Napier entered into a plea agreement and pled guilty to one count of third-degree felony illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.51.  Napier agreed to plead guilty to that single charge in exchange for dismissal of the other two charges against him.  After engaging Napier in the necessary Crim.R. 11(C) plea colloquy, the trial court accepted Napier's guilty plea upon finding his plea was knowingly, intelligently, and voluntarily entered.  The trial court then scheduled the matter for sentencing to take place on September 23, 2021.

{¶ 7}   On September 23, 2021, the parties reconvened for purposes of sentencing.  At sentencing, but prior to when the trial court issued its sentencing decision, the trial court stated:

> The Court has considered the purposes and principles of sentencing, rate of recidivism, and the seriousness factors.  The Court has reviewed and considered the pre-sentence

> investigation report. I've considered everything that's been presented to the Court today in mitigation. I've considered the sentencing memorandum that was presented and filed by [Napier's defense counsel] on behalf of [Napier]. [Napier's] motion to waive any fines in this case. I've reviewed the financial affidavit.

The trial court then issued its decision sentencing Napier to serve the maximum 36-month prison term available for third-degree felony illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.51, less 517 days of jail-time credit. The trial court also ordered Napier to pay a $5,000 fine and notified Napier that he would be subject to an optional three-year postrelease control term upon his release from prison.

{¶ 8} On September 27, 2021, the trial court issued its judgment of conviction entry. As part of that entry, the trial court stated:

> The Court has considered the record, the charges, the defendant's **Guilty Plea**, and findings as set forth on the record and herein, oral statements, any victim impact statement and pre-sentence report, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12 and whether or not community control is appropriate pursuant to Ohio Revised Code Section R.C. 2929.13, and finds that the defendant is not amenable to an available community control sanction.

(Bold text sic.)

{¶ 9} Napier now appeals the trial court's decision sentencing him to serve the maximum possible 36-month prison term available for third-degree felony illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.51, raising the following single assignment of error for review.

{¶ 10} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT WHEN IT IMPOSED THE MAXIMUM SENTENCE BECAUSE IT WAS NOT CLEARLY AND CONVINCINGLY SUPPORTED BY THE RECORD.

{¶ 11} Napier argues the trial court erred by sentencing him to serve the maximum

36-month prison term available for third-degree felony illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.51. We disagree.

{¶ 12} This court "does not review the sentencing court's decision for an abuse of discretion." *State v. Scott*, 12th Dist. Clermont Nos. CA2019-07-051 and CA2019 07-052, 2020-Ohio-3230, ¶ 54, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 10. "It is instead the standard of review set forth in R.C. 2953.08(G)(2) that governs all felony sentences." *State v. Watkins*, 12th Dist. Preble No. CA2020-03-005, 2021-Ohio-163, ¶ 48, citing *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6; and *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8 ("[a]s with all felony sentences, we review this sentence under the standard of review set forth in R.C. 2953.08[G][2]"). The standard prescribed by R.C. 2953.08(G)(2) is, in fact, "the only standard applicable to felony sentencing." *State v. Paul*, 12th Dist. Clinton No. CA2020-08-010, 2021-Ohio-1628, ¶ 9, fn.1.

{¶ 13} "'R.C. 2953.08(G)(2) is unambiguous and definite.'" *State v. Simmons*, 12th Dist. Warren No. CA2020-10-069, 2021-Ohio-3563, ¶ 80, quoting *Marcum* at ¶ 9. Pursuant to that statute, this court may increase, reduce, "or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing," if this court clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶ 14} R.C. 2953.08(G)(2)(a) does not authorize an appellate court to review all the trial court's findings made during sentencing. *State v. Sallis*, 12th Dist. Clermont No.

CA2019-12-092, 2020-Ohio-3924, ¶ 6. Rather, according to the plain language of the statute, the only findings that this court has authority to review are those the trial court makes specific to R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20(I). *State v. Boyd*, 12th Dist. Butler No. CA2020-01-012, 2020-Ohio-4180, ¶ 12. Therefore, when applying the plain language of R.C. 2953.08(G)(2) to the case at bar, "we may vacate or modify a felony sentence only if this court determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under those specific, enumerated, statutes; or (2) the sentence is otherwise contrary to law." *State v. Toles*, 12th Dist. Madison No. CA2019-07-018, 2020-Ohio-4267, ¶ 38, citing *Marcum*, 2016-Ohio-1002 at ¶ 1.

{¶ 15} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range.'" *State v. Tillett*, 12th Dist. Butler No. CA2019-11-192, 2020-Ohio-3836, ¶ 10, quoting *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8; *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15. When reviewing a felony sentence, something that this court must do in this case, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." State *v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 42. "The record must merely reflect that the trial court considered the relevant statutory factors set forth in R.C. 2929.11 and 2929.12 prior to issuing its decision." *State v. Murphy*, 12th Dist. Butler No. CA2021-05-048, 2021-Ohio-4541, ¶ 26, citing *Watkins*, 2021-Ohio-163 at ¶ 50.

{¶ 16} Napier argues the trial court's decision sentencing him to serve the maximum

36-month prison term was not supported by the purposes and principles of felony sentencing set forth in R.C. 2929.11. Napier also argues the trial court's decision sentencing him to serve the maximum 36-month prison term "fails to take into account the seriousness and recidivism factors" listed in R.C. 2929.12. However, as the record indicates, the trial court clearly took into consideration all relevant statutory factors set forth in R.C. 2929.11 and 2929.12 prior to issuing its sentencing decision. The record also indicates the trial court properly notified Napier that he would be subject to an optional three-year postrelease control term and sentenced Napier within the permissible statutory range for a third-degree felony offense. *See* R.C. 2929.14(A)(3)(b) ("[f]or a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months"). Therefore, for these reasons, the trial court's decision sentencing Napier to serve the maximum 36-month prison term was not clearly and convincingly contrary to law.

{¶ 17} In so holding, we note that there is "no language contained in R.C. 2929.11 which require[s] the trial court to make any specific findings as to the purposes and principles of sentencing." *State v. Kane*, 5th Dist. Ashland No. 20-COA-012, 2020-Ohio-5152, ¶ 11, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 31. "Likewise, R.C. 2929.12 does not require the trial court to 'use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors.'" *Id.*, quoting *State v Arnett*, 88 Ohio St.3d 208, 215 (2000). "All that is required is the trial court 'consider' the relevant statutory factors set forth in R.C. 2929.11 and 2929.12 prior to issuing its sentencing decision." *State v. Watkins*, 12th Dist. Preble No. CA2020-03-005, 2021-Ohio-163, ¶ 50, citing *State v. King*, 12th Dist. Butler No. CA2018-05-101, 2019-Ohio-1492 ¶ 9. That is exactly what the trial court did here. Therefore, finding no merit to any of the arguments raised by Napier herein, Napier's

single assignment of error lacks merit and is overruled.

{¶ 18} Judgment affirmed.

M. POWELL, P.J., and BYRNE, J., concur.