[Cite as *State v. West*, 2022-Ohio-2095.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-07-012 |
| | : | O P I N I O N |
| - vs - | | 6/21/2022 |
| | : | |
| IAN R. WEST, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CR20200123

Nicholas A. Adkins, Madison County Prosecuting Attorney, and Rachel M. Price, Assistant Prosecuting Attorney, for appellee.

Treynor Law, and Shannon Marie Treynor, for appellant.

**PIPER, P.J.**

{¶ 1} Appellant, Ian West, appeals his conviction in the Madison County Court of Common Pleas following his guilty plea.

{¶ 2} In the early morning hours of August 16, 2020, West decided to end his own life. The record reflects that West drove his vehicle across Route 40 into oncoming traffic and crashed into a patrol vehicle driven by a Madison County sheriff's deputy.

{¶ 3} Trooper Perez arrived on scene and spoke with West. During their interaction, West told the trooper that he was attempting to commit suicide by driving into another vehicle. He also admitted that his actions were purposeful and that he was aware that he could have killed the other driver.

{¶ 4} On September 11, 2020, West was indicted on two counts of felonious assault in violation of R.C. 2903.11(A)(1) and (A)(2), both first-degree felonies. The trial court entered a plea of not guilty on West's behalf and appointed trial counsel.

{¶ 5} On November 12, 2020, West filed a motion for a competency evaluation and requested leave to change his plea to not guilty by reason of insanity. The trial court appointed an examining agent to conduct the assessments and evaluations concerning West's competency and sanity. Once completed, the trial court set the matter for a hearing on March 10, 2021. The evaluations concluded that West was competent and, although he had severe mental disease, did not suffer from extreme mental defect. The examiner further concluded that West knew the wrongfulness of the acts charged and therefore found him to be legally sane. The parties stipulated to the admission of the reports and West then withdrew his plea of not guilty by reason of insanity returning to his original plea of not guilty.

{¶ 6} On May 17, 2021, West entered into a plea agreement with the state. In exchange for his guilty plea to a reduced count of felonious assault, the state agreed to dismiss the second count of felonious assault.[1] The trial court sentenced West to an indefinite prison term of six to nine years. West now appeals, raising a single assignment of error for review:

{¶ 7} THE DEFENDANT'S PLEA WAS NOT KNOWING, INTELLIGENT, OR VOLUNTARY AS HE HAD NO OPPORTUNITY TO ARGUE DIMINISHED CAPACITY TO

---

1. West pled guilty to, and was convicted of, second-degree felonious assault.

MITIGATE AN ESSENTIAL ELEMENT OF THE OFFENSE.

{¶ 8} In his sole assignment of error, West claims that his plea was not knowing, intelligent, or voluntary because he was unable to argue that he had diminished capacity to mitigate an essential element of the offense. West's argument is without merit.

{¶ 9} When a defendant enters a guilty plea in a criminal case, the plea must be knowingly, intelligently, and voluntarily made. *State v. Parker*, 12th Dist. Butler No. CA2018-12-229, 2020-Ohio-414, ¶ 18. "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Ackley*, 12th Dist. Madison No. CA2013-04-010, 2014-Ohio-876, ¶ 8. Crim.R. 11(C)(2) governs the process a trial court must follow to ensure that a guilty plea to a felony charge is knowing, intelligent, and voluntary. *State v. Luttrell*, 12th Dist. Warren No. CA2021-07-062, 2022-Ohio-1148, ¶ 16.

{¶ 10} According to Crim.R. 11(C)(2):

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶ 11}** The supreme court has addressed a trial court's compliance with Crim.R. 11(C) and how an appellate court should review a trial court's plea colloquy. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, ¶ 11. In general, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)" i.e., that "the plea would not have otherwise been made." *Id.* at ¶ 16. However, there are two exceptions to this rule: (1) when the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, and (2) "a trial court's complete failure to comply with a portion of Crim.R. 11(C)." *Id.* at ¶ 15. Under either exception, the defendant is not required to show prejudice. *Luttrell* at ¶ 17.

**{¶ 12}** West maintains that he "would not have voluntarily entered into an admission" to the offense had he been able to assert a defense of diminished capacity and present that matter to a jury.[2] However, it is well established that Ohio does not recognize the defense of diminished capacity. *State v. Fulmer*, 117 Ohio St.3d 319, 2008-Ohio-936, ¶ 66, citing *State v. Jackson*, 32 Ohio St.2d 203, 206 (1972); *State v. Wilcox*, 70 Ohio St.2d 182 (1982), paragraph one of the syllabus. Thus, where a defendant cannot maintain an insanity defense, "he may not offer expert testimony in an effort to show that he lacked the mental capacity to form the specific mental state required for a particular crime." *Id.* at ¶ 67, citing *State v. Gooey*, 46 Ohio St.3d 20, 26 (1989).

**{¶ 13}** On appeal, West acknowledges the supreme court's decision in *Fulmer*, but

---

2. We note that West complains about not being able to present the diminished capacity defense to a jury with regard to his culpable mental state. However, we should acknowledge that West's psychological issues were brought up in mitigation during the sentencing hearing. The court acknowledged West's psychological issues, including his depression and suicidal ideation. The trial court also found that West admitted culpability and had genuine remorse for the offense. However, given the facts and circumstances of the case, the trial court found that West failed to rebut the presumption of prison time and imposed a prison sentence.

focuses on the dicta therein where the court explained that the evidence presented at trial would not have supported a diminished capacity defense even if it were a viable defense in Ohio.[3] *Id.* at ¶ 71-72. He further cites to provisions in "California's penal code," which apparently codify a defense of "diminished actuality." However, those arguments are unpersuasive. In this case, West stipulated to the admission of the psychological evaluations and withdrew his insanity defense. Thereafter, West pled guilty following a thorough and complete plea colloquy. The record firmly establishes that West waived his right to a jury trial. Furthermore, West affirmatively stated that he understood all the rights he was giving up in exchange for his guilty plea. West told the trial court that he understood a guilty plea is a complete and total admission to the offense charged. Following the plea colloquy, West informed the trial court that he still wanted to plead guilty. Accordingly, although West claims that he would not have pled guilty to the offense had he been able to present a diminished capacity defense, the simple fact remains that such a defense was not available to him.[4] *State v. Napier*, 12th Dist. Clermont No. CA2016-04-022, 2017-Ohio-246, ¶ 23.

{¶ 14} Furthermore, we have thoroughly and carefully reviewed the entirety of the plea hearing and conclude that the trial court advised West of all the constitutional requirements of Crim.R. 11(C)(2)(c), there was no "complete failure" of any portion of Crim. R. 11(C), and his plea was knowing, voluntary, and intelligent in all respects. *Luttrell*, 2022-

---

3. Expressions in an opinion that go beyond the facts necessary is considered dicta and is not binding in subsequent cases as legal precedent. *Amba Invests., LLC v. Clark*, 12th Dist. Butler No. CA2021-02-016, 2022-Ohio-43, ¶ 44 (Piper, J., concurring); *State v. Bowers*, 1st Dist. Hamilton No. C-180317, 2019-Ohio-3207, ¶ 16. *See State v. Sallis*, 12th Dist. Clermont No. CA2019-12-092, 2020-Ohio-3924, ¶ 15-17 (we are bound to the clearly stated law as it exists rather than dicta), citing *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, ¶ 21 (Justice Kennedy concurring joined by Justice DeWine, determining dicta should not be used by reviewing courts in establishing legal precedent).

4. We note that West received significant benefits in exchange for his guilty plea. In exchange for the plea, the state dismissed one first-degree felony and reduced the remaining count to a second-degree felony.

Ohio-1148 at ¶ 17. West does not contest any other aspect of the plea hearing except for his inability to present a diminished capacity defense at trial, which, again, is not an available defense in the state of Ohio. Therefore, we find that West entered his guilty plea knowingly, intelligently, and voluntarily. West's sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

HENDRICKSON, J., concurs.

BYRNE, J., concurs separately.

**BYRNE, J., concurring separately.**

{¶ 16} I agree with and join the majority opinion in all respects except one. I do not join the majority opinion to the extent footnote 3 cites paragraph 44 of *Amba Invests., LLC v. Clark*, 12th Dist. Butler No. CA2021-02-016, 2022-Ohio-43. The citation is to a concurring opinion in *Amba Investments*, a case in which I authored the majority opinion. The *Amba Investments* majority opinion responded, in a footnote of its own, to paragraph 44 of the *Amba Investments* concurring opinion. I stand by the majority opinion in *Amba Investments.*