[Cite as *State v. Brooks*, 2026-Ohio-224.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-06-018 |
| vs. | : | OPINION AND JUDGMENT ENTRY 1/26/2026 |
| FRANK R. BROOKS, | : | |
| Appellant. | : | |
| | : | |

CRIMINAL APPEAL FROM MADISON COMMON PLEAS
Case No. CRI20210052

Nicholas A. Adkins, Madison County Prosecuting Attorney, and Rachel M. Price, Assistant Prosecuting Attorney, and Michael S. Klamo, Chief Assistant Prosecutor, for appellee.

W. Jeffrey Moore, for appellant.

**O P I N I O N**

**PIPER, P.J.**

{¶ 1} Appellant, Frank R. Brooks, appeals the decision of the Madison County Court of Common Pleas sentencing him to serve a mandatory minimum of 10 years in prison following his guilty plea to one count of first-degree felony possession of a fentanyl-

related compound. For the reasons outlined below, we affirm the trial court's decision.

**Facts and Procedural History**

{¶ 2} On March 4, 2021, Brooks was found in possession of 988 grams of a fentanyl-related compound. This discovery followed a traffic stop of the motor vehicle in which Brooks and his co-defendant were traveling eastbound on I-70 in Madison County, Ohio. Brooks' cellphone was also seized during the stop. A subsequent search of Brooks' cellphone yielded numerous text messages to and from Brooks. These messages included several from Brooks offering to sell, receive, or purchase drugs for multiple people. They also included messages from Brooks' mother asking him for marijuana.

{¶ 3} On April 9, 2021, the Madison County Grand Jury returned an indictment charging Brooks with one count of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), a first-degree felony under R.C. 2925.11(C)(11)(g). That statute applies when the amount of fentanyl-related compound involved in the offense equals or exceeds 100 grams. The charge also included two major drug-offender specifications, brought pursuant to R.C. 2941.1410(A) and (B). A "major drug offender" is defined by R.C. 2929.01(W) to include an offender convicted of or who pleads guilty to possession of at least 100 grams of a fentanyl-related compound.

{¶ 4} On April 23, 2021, Brooks was arraigned and entered a plea of not guilty. After the trial court set his bond at $150,000 cash/surety, the court scheduled a final, formal pretrial hearing for July 26, 2021. Brooks posted the necessary bond and was released. However, despite posting bond, Brooks failed to appear for the July 26, 2021, pretrial hearing, and a capias was issued for his arrest. Nearly three and one-half years later, Brooks was arrested, and the case against him was resumed, with the trial court scheduling an informal pretrial hearing for March 14, 2025. That hearing was later rescheduled to March 12, 2025.

- 2 -

{¶ 5}   On March 12, 2025, Brooks appeared before the trial court for the previously scheduled pretrial hearing. At the conclusion of that hearing, the trial court scheduled a formal pretrial hearing for April 17, 2025. Brooks appeared at that hearing and advised the trial court that he had entered into a plea agreement with the State. Pursuant to that plea agreement, Brooks then entered a guilty plea to an amended charge of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), a first-degree felony under R.C. 2925.11(C)(11)(e). That statute applies when the amount of the fentanyl-related compound involved in the offense equals or exceeds 20 grams but is less than 50 grams. Upon Brooks entering his guilty plea, the State then dismissed both major drug offender specifications contained within the indictment.

{¶ 6}   The trial court accepted Brooks' guilty plea after finding it was knowingly, intelligently, and voluntarily entered. After accepting the plea and finding Brooks guilty, the trial court scheduled a sentencing hearing for May 16, 2025. Brooks appeared at sentencing and was thereafter sentenced to a mandatory minimum of 10 years' imprisonment, with a maximum of 15 years, less 101 days of jail-time credit. The trial court also ordered Brooks to pay the costs of prosecution and a mandatory fine of $10,000. The trial court further notified Brooks that he would be subject to a mandatory minimum of two years and a maximum of five years of postrelease control upon his release from prison.

{¶ 7}   In issuing this decision, the trial court considered that, although Brooks had no documented criminal history, Brooks was nevertheless "not a babe in the woods" with respect to his drug trafficking activities. The trial court noted that Brooks' own mother had been "hitting him up for weed." It also noted that, although Brooks "certainly had some challenges" growing up, the drug trafficking business, particularly with respect to fentanyl and fentanyl-related compounds, "most certainly will result in deaths." The trial court

- 3 -

determined the significant harm the public suffered did not change simply because Brooks' motivation for selling drugs was to make money to take care of himself and his family.

{¶ 8} This is in addition to the trial court's finding Brooks had violated his bond and evaded capture for nearly three and one-half years, conduct which the court found undermined its integrity and warranted Brooks face the consequences for his actions. The trial court reached this decision after expressly stating that it had considered "the seriousness of the offense, recidivism factors and weighing those factors against the purposes and principles of sentencing." The court determined that its consideration of these factors led it to issue the sentence it did, given that there were "no factors to mitigate the conduct." The court reiterated this in its sentencing entry filed on May 20, 2025.

{¶ 9} On June 17, 2025, Brooks filed a notice of appeal. Oral argument was held before this court on January 5, 2026. Brooks' appeal is now properly before this court for decision. To support his appeal, Brooks has raised one assignment of error for review.

**Brooks' Single Assignment of Error**

{¶ 10} THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A PRISON TERM THAT WAS NEAR THE MAXIMUM TERM WITHOUT CONSIDERING MITIGATING FACTORS.

{¶ 11} In his sole assignment of error, Brooks argues the trial court erred in imposing a mandatory minimum sentence of 10 years' imprisonment. To support this claim, Brooks argues that the trial court's imposition of a mandatory minimum 10-year prison sentence is "clearly" contrary to the overriding principles and purposes of felony sentencing under R.C. 2929.11 when weighed against the seriousness and recidivism factors outlined in R.C. 2929.12. Rather than imposing a mandatory minimum 10-year prison term, Brooks argues the trial court should have instead sentenced him to "the

- 4 -

minimum possible prison term, as a shorter sentence would have been as effective at achieving all the statutory factors without demeaning the seriousness of [the] offense."

{¶ 12} Brooks argues that this is particularly true in this case, given that the trial court either improperly discounted or, in some instances, outright failed to consider "the many mitigating factors that exist in this case." According to Brooks, these mitigating factors include his lack of any prior criminal history despite his upbringing as a troubled youth. Brooks finds this significant, noting that he was raised by a father who spent time in and out of prison and a mother who struggled with addiction. These mitigating factors also include Brooks' supposed "lesser role" in the offense compared with that of his co-defendant.

{¶ 13} Brooks appears to implicitly argue that we should review his sentence under an abuse-of-discretion standard. However, as is now well established, this court does not review a trial court's felony sentencing decision for an abuse of discretion. *State v. Scott*, 2020-Ohio-3230, ¶ 54 (12th Dist.), citing *State v. Marcum*, 2016-Ohio-1002, ¶ 10. We instead apply the standard of review outlined in R.C. 2953.08(G)(2). *State v. Watkins*, 2021-Ohio-163, ¶ 48 (12th Dist.). "The standard prescribed by R.C. 2953.08(G)(2) is, in fact, 'the only standard applicable to felony sentencing.'" *State v. Napier*, 2022-Ohio-1439, ¶ 11 (12th Dist.), quoting *State v. Paul*, 2021-Ohio-1628, ¶ 9, fn.1 (12th Dist.). Therefore, to the extent that Brooks may be arguing that an abuse-of-discretion standard of review should apply, that argument lacks merit. We will instead apply the appropriate R.C. 2953.08(G)(2) standard.

{¶ 14} "'R.C. 2953.08(G)(2) is unambiguous and definite.'" *State v. Simmons*, 2021-Ohio-3563, ¶ 80 (12th Dist.), quoting *Marcum* at ¶ 9. Pursuant to that statute, this court may increase, reduce, "or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for

resentencing," if this court clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

Consequently, given its plain language, R.C. 2953.08(G)(2) "does not permit an appellate court to simply substitute its view of an appropriate sentence for that of the trial court." *State v. Glover*, 2024-Ohio-5195, ¶ 44. This court's "subjective disagreement" with the trial court's sentencing decision is insufficient. *Id.* at ¶ 45.

{¶ 15} The plain language of the statute also does not authorize this court to review all findings the trial court may have made at sentencing. *State v. Sallis*, 2020-Ohio-3924, ¶ 6 (12th Dist.). The only findings this court may review are those the trial court makes under R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), and R.C. 2929.20(I). *State v. Boyd*, 2020-Ohio-4180, ¶ 12 (12th Dist.). Therefore, when applying R.C. 2953.08(G)(2)'s plain language, "we may vacate or modify a felony sentence only if this court determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under those specific, enumerated, statutes; or (2) the sentence is otherwise contrary to law." *State v. Toles*, 2020-Ohio-4267, ¶ 38 (12th Dist.). "A felony sentence is not clearly and convincingly contrary to law if the trial court considers the principles, purposes, and factors set forth in R.C. 2929.11 and 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible sentencing range." *State v. Bowling*, 2025-Ohio-2272, ¶ 58 (12th Dist.).

{¶ 16} Brooks argues that the trial court's imposition of a mandatory minimum of 10 years' imprisonment is contrary to law because the sentence "is not consistent, as required by law, with comparable sentences." Brooks also argues that the trial court's

sentencing decision is contrary to law because it contravenes the overriding principles and purposes of felony sentencing under R.C. 2929.11 when properly weighed against the seriousness and recidivism factors outlined in R.C. 2929.12.

{¶ 17} However, a review of the record shows that the trial court considered all relevant statutory factors outlined in R.C. 2929.11 and 2929.12 before issuing its sentencing decision. The trial court also properly notified Brooks that he would be subject to a mandatory minimum of two years and a maximum of five years of postrelease control upon his release from prison. This is in addition to the trial court imposing a sentence on Brooks that fell within the statutory permissible range for the offense at issue, namely possession of a fentanyl-related compound in violation of R.C. 2925.11(A), a first-degree felony pursuant to R.C. 2925.11(C)(11)(e). Therefore, because the trial court considered the principles, purposes, and factors set forth in R.C. 2929.11 and 2929.12, properly imposed postrelease control, and sentenced Brooks within the permissible sentencing range, Brooks' sentence is not clearly and convincingly contrary to law.

{¶ 18} That Brooks believes a lesser sentence would have been just as effective in protecting the public, imposing punishment, and promoting his rehabilitation does not make it so. This remains true even if we were to accept Brooks' argument—an argument we hereby wholeheartedly reject—that sentencing him to a mandatory minimum of 10 years in prison was somewhat excessive in this case. As noted above, we are not permitted to substitute our view for that of the trial court. *Glover*, 2024-Ohio-5195, at ¶ 44. We must instead defer to the trial court's decision on the length of incarceration, if any, that a defendant should receive, so long as the sentence being imposed by the court is within the permissible statutory range.

{¶ 19} Brooks appears to be asking this court to undertake a task of reweighing the relevant sentencing factors outlined in R.C. 2929.11 and 2929.12 and sentence him

to a term of imprisonment that is less than that which was imposed upon him by the trial court. However, "there is nothing that would permit this court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to fashion a sentence other than the one [that was already] imposed by the trial court." *State v. Burson*, 2025-Ohio-499, ¶ 46 (12th Dist.). This is because, pursuant to the plain language of R.C. 2953.08(G)(2), when none of the enumerated statutes under R.C. 2953.08(G)(2)(a) are at issue, we may determine only whether the trial court's sentence is clearly and convincingly contrary to law under R.C. 2953.08(G)(2)(b).

{¶ 20} As previously noted, the trial court's decision to sentence Brooks to a mandatory minimum of 10 years' imprisonment is not clearly and convincingly contrary to law. R.C. 2953.08(G)(2) does not permit this court to conduct any further inquiry into the matter. *See State v. Jones*, 2020-Ohio-6729, ¶ 42 ("R.C. 2953.08[G][2] does not permit an appellate court to conduct a freestanding inquiry like the independent sentence evaluation this court must conduct under R.C. 2929.05[A] when reviewing a death penalty-sentence"). Consequently, our review need go no further. *State v. Murphy*, 2025-Ohio-63, ¶ 18 (12th Dist.). Therefore, because the trial court's sentencing decision is not clearly and convincingly contrary to law, Brooks' single assignment of error challenging that decision lacks merit and is overruled.

{¶ 21} Judgment affirmed.


M. POWELL and SIEBERT, JJ., concur.

- 9 -

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Madison County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robin N. Piper, Presiding Judge

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge